# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH KUBEC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO.: N19C-01-293 AML |
| | ) | |
| v. | ) | JURY TRIAL OF 12 DEMANDED |
| | ) | |
| FIRST STATE ORTHOPAEDICS, | ) | |
| P.A., and DAVID S. GRUBBS, | ) | |
| M.D., P.A., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: March 26, 2019
Decided: March 28, 2019

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On March 25, 2019, the Court rejected Plaintiff's original affidavit of merit as to Defendant David S. Grubbs, M.D., P.A. ("Grubbs Cardiology") because Plaintiff's affiant did not meet the statutory requirement of Board certification as to Grubbs Cardiology.[1] The Court allowed Plaintiff 60 days to file an acceptable affidavit of merit. On March 26, 2019, Plaintiff submitted an affidavit as to Grubbs Cardiology.[2]

After *in camera* review, the Court finds:

1.  An expert signed the affidavit;

---

[1] D.I. 18.
[2] D.I. 19.

1

2. The affidavit was accompanied by a current *curriculum vitae*;

3. The expert is licensed to practice medicine as of the date of the affidavit;

4. The expert is Board certified in Cardiology/Cardiovascular Medicine;

5. In the three years preceding the negligent acts, the expert was engaged in the treatment of patients and in the teaching/academic side of medicine in a similar field of medicine as the Defendant;

6. The affidavit states that there are reasonable grounds to believe the applicable standard of care was breached by each defendant; and

7. The expert states the identified breaches of the standard of care proximately caused Kubec's injury as alleged in the complaint.

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* §§ 6853(a)(1) and (c) as to Defendant David S. Grubbs M.D., P.A.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc: Lorenza A. Wolhar, Esquire
    Bradley J. Goewert, Esquire
    John A. Elzufon, Esquire
    Timothy E. Lengkeek, Esquire

2